X FILED _____ LODGED
_____ RECEIVED _____ COPY

MAR 0 3 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

**PHOENIX DIVISION**

LEROY FRANCE,

       Plaintiff,

vs.

NEXA MORTGAGE LLC

       Defendant,

Case No.:  **CV25-00733-PHX-JFM**

COMPLAINT

**COMPLAINT FOR UNPAID WAGES, BREACH OF CONTRACT, AND**

**STATUTORY DAMAGES**

**JURY TRIAL DEMANDED**

### I. INTRODUCTION

1. This lawsuit arises from NEXA Mortgage, LLC's blatant disregard for its legal obligations, including its failure to compensate Plaintiff for wages and commissions lawfully earned during his tenure with the company.

1

2. Despite Plaintiff's clear resignation and formal request for final wages, Defendant ignored all communications and failed to pay the amounts lawfully owed, violating Arizona wage laws and fundamental principles of contract law.

3. NEXA Mortgage knowingly and willfully refused to acknowledge Plaintiff's earned compensation, demonstrating a deliberate and unlawful attempt to avoid paying wages owed to an employee who had already fulfilled his obligations.

4. Plaintiff brings this action seeking full payment of all earned wages, contractual damages, statutory penalties, attorneys' fees, and any other relief deemed just and proper under the law.

## II. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction over Arizona wage law claims).

6. Venue is proper under 28 U.S.C. § 1391 because NEXA Mortgage, LLC maintains operations in Arizona, and the events giving rise to this lawsuit occurred within this district.

## III. PARTIES

7. Plaintiff LeRoy France is a former employee of NEXA Mortgage, LLC and, at all relevant times, was employed in a commission-based sales position.

8. Defendant NEXA Mortgage, LLC is a mortgage company headquartered in Chandler, Arizona, conducting business nationwide, including within this district.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff was employed as a Loan Officer with NEXA Mortgage, LLC, performing all duties and responsibilities required under his employment agreement.

10. Plaintiff successfully closed loans and generated revenue for the company as part of his compensation structure, entitling him to earned commissions in accordance with the company's policies.

11. On January 21, 2025, Plaintiff formally resigned from his position and requested payment of all final wages and commissions due.

12. Despite multiple attempts to obtain payment, Defendant failed to respond, failed to acknowledge Plaintiff's resignation, and failed to issue final compensation as required by law.

13. Plaintiff subsequently received confirmation from the Nationwide Mortgage Licensing System (NMLS) that NEXA Mortgage, LLC had removed its sponsorship of his license, further proving that his resignation was processed and acknowledged by the company.

14. However, despite formally processing his resignation, NEXA Mortgage failed to pay Plaintiff his earned wages, failed to provide any explanation for its failure to pay, and has continued to ignore all communications.

15. Arizona law mandates that all earned wages, including commissions, be paid promptly upon resignation. Defendant has willfully refused to comply with these legal requirements.

### V. CLAIMS FOR RELIEF

### COUNT 1 – FAILURE TO PAY EARNED WAGES (A.R.S. § 23-353)

16. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

17. Under Arizona Revised Statutes § 23-353, an employer must issue final wages, including commissions, on the next scheduled payday following an employee's resignation.

18. Plaintiff resigned properly and requested his final wages in compliance with Arizona law.

19. Defendant failed to pay Plaintiff's earned wages and commissions within the legally required timeframe and has provided no lawful justification for this failure.

20. As a result, Plaintiff is entitled to full payment of all unpaid wages, statutory penalties, and any additional damages allowed under the law.

### COUNT 2 – BREACH OF CONTRACT

21. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

22. Plaintiff and Defendant had a valid employment agreement, under which Plaintiff was entitled to commissions for closed and funded transactions.

23. Plaintiff fulfilled his obligations under the agreement by closing loans that generated revenue for Defendant.

4

24. Defendant, however, failed to perform its obligations by refusing to pay commissions earned under the terms of the agreement.

25. As a direct result of Defendant's breach, Plaintiff has suffered financial harm and is entitled to damages.

### COUNT 3 – BAD FAITH BUSINESS PRACTICES

26. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

27. Defendant's deliberate failure to pay Plaintiff's earned wages and commissions—despite multiple requests—demonstrates willful misconduct and bad faith.

28. Defendant's refusal to respond or provide any justification for non-payment suggests an intentional effort to withhold wages that were lawfully earned.

29. Defendant's actions have caused financial and professional harm to Plaintiff, warranting compensation and punitive damages.

### VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment in his favor and relief as follows:

1.  Full payment of all earned wages and commissions owed;

2.  Statutory penalties under Arizona wage laws;

3.  Compensatory damages for breach of contract;

4.  Pre-judgment and post-judgment interest on unpaid wages;

5

5. Attorneys' fees, costs, and expenses incurred in this litigation;

6. Any further relief the Court deems just and proper.

### VII. DEMAND FOR JURY TRIAL

**Plaintiff demands a trial by jury on all issues triable by law.**

**DATED this 21 day of February 2025.**

Respectfully submitted,

LeRoy France

Pro Se Plaintiff

29 Ridge Rd

Cabot, AR 72023

501-286-0499

LJFrance1989@gmail.com

6